**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Edinson Espinosa Sanchez,<br>Petitioner,<br>v.<br>Eric Rokosky,<br>Respondent. | No. CV-26-07557-PHX-KML<br>**ORDER** |

In September 2026, following approximately four months in immigration custody, petitioner Edinson Espinosa Sanchez was granted a bond hearing. *See Sanchez v. Unknown Party*, No. CV-26-6311-PHX-JFM, Doc. 8 (D. Ariz. Sept. 15, 2026). That order did not require the burden of proving flight risk and danger to be shifted to respondents. *Id.* at 1. After the immigration judge ("IJ") denied bond based on findings that Sanchez was a flight risk and a danger, Sanchez filed a second petition. (Docs. 1, 2.) The instant petition challenges Sanchez's detention on various grounds and notes he has appealed the bond denial to the Board of Immigration Appeals ("BIA"). (Doc. 1 at 5.) Respondents make only one argument in response: Sanchez failed to exhaust by waiting until the BIA decided his bond-denial appeal before filing the petition. (Doc. 7.)

Many of the grounds Sanchez raises in support of release are not cognizable in a habeas corpus petition, the court lacks jurisdiction to decide them, or they are meritless. For example, Sanchez's Ground Two argues a Fourth Amendment claim based on an unreasonable vehicle stop and warrantless digital search (Doc. 1 at 6) that cannot be

remedied through habeas corpus. *See Hernandez v. Scott*, No. C26-0759JLR, 2026 WL 933361, at *4 (W.D. Wash. Apr. 7, 2026) ("[A] writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper mechanism to challenge the legality of Petitioner's detention pending removal. It is not, however, the appropriate mechanism to challenge the legality of his arrest.") (simplified). Likewise, to the extent Sanchez asks the court to reweigh factors the IJ considered—as he appears to (*e.g.* Doc. 2 at 12)—the court cannot do so. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (in the context of a dangerousness determination, federal courts "cannot reweigh evidence" and "can only determine whether the [immigration court] applied the correct legal standard") (simplified). And part of Ground Three of the petition would be denied if the merits were reached, because the order granting a bond hearing did not shift the burden and it would not have been appropriate to do so given Sanchez had only been in custody four months when the petition was granted. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210-12 (9th Cir. 2022) (rejecting argument that burden should have shifted to respondents for alien "subject to § 1226(a) and its bond determination processes from the onset of his detention" who had not been subject to "prolonged" detention, "defined to mean more than six months").

Sanchez does appear to raise a claim the court could consider, in the IJ's alleged refusal to allow him to present evidence meaningfully contesting danger at the hearing. (Doc. 2 at 7.) But this is exactly the type of claim that can and should be raised in Sanchez's BIA appeal. As a prudential matter, courts require § 2241 petitioners to exhaust available administrative remedies. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). When a petitioner has not appealed an IJ's bond decision to the BIA, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160; see 8 C.F.R. §§ 236.1(d)(3), 1003.19(f). Requiring exhaustion here by allowing the BIA bond appeal to conclude serves each purpose *Puga* identified: the BIA can develop a record of the IJ's reasoning, excusing exhaustion would reward bypassing the BIA, and the BIA can correct

any error by ordering release on bond. *See* 488 F.3d at 815. Sanchez has not shown exhaustion should be excused. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Accordingly,

**IT IS ORDERED** dismissing the petition (Doc. 1) without prejudice. The Clerk of Court shall enter judgment and close this case.

Dated this 17th day of November, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**